# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN NAUGLE, | : | No. 4:17-CV-00237 |
| Plaintiff, | : | (Judge Brann) |
| v. | : | |
| SUSQUEHANNA UNIVERSITY, JAY LEMMONS, KATHERINE FURLONG, JENNIFER BUCHER, CINDY WHITMOYER | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

### JANUARY 23, 2018

Defendants Susquehanna University, Jay Lemmons, Katherine Furlong, Jennifer Bucher, and Cindy Whitmoyer have filed a Motion to Dismiss Counts I, III, and part of Count IV of Plaintiff's Second Amended Complaint. For the following reasons, this Motion will be granted.

### I.   BACKGROUND[1]

Plaintiff Steven Naugle ("Plaintiff") is a 64 year old male.[2] During all relevant times, Plaintiff was employed by Defendant Susquehanna University ("Defendant Susquehanna") as an interlibrary loan assistant—a position for which

---

[1] When considering a motion to dismiss for failure to state a claim, a court assumes the truth of all factual allegations made in the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The material in this section, then, is taken entirely from Mr. Naugle's Second Amended Complaint, ECF No. 15, and is presumed true for present purposes.

[2] Second Am. Compl. (ECF No. 15) ¶¶ 10-11, at 2.

he was qualified.³ He reported and was supervised in that position by Defendant librarian Cindy Whitmoyer.⁴ On May 26, 2016, Defendant Susquehanna terminated Plaintiff.⁵ Defendant Susquehanna subsequently replaced Plaintiff with younger, female employee.⁶

On August 22, 2017, Plaintiff Steven Naugle filed a Second Amended Complaint against Defendants Susquehanna University, Jay Lemmons, Katherine Furlong, Jennifer Bucher, and Cindy Whitmoyer ("Defendants") based on the above allegations.⁷ This Complaint alleged four counts of employment discrimination: (1) gender discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) age discrimination under the Age Discrimination in Employment Act of 1967; (3) gender discrimination in violation of the Pennsylvania Human Relations Act, and (4) age discrimination in violation of the Pennsylvania Human Relations Act.⁸

Defendants subsequently filed a Motion to Dismiss Counts I, III, and part of Count IV on October 2, 2017.⁹ Defendant specifically avers that Count I—or gender discrimination under Title VII—and Counts III and IV—or age and gender discrimination under the PHRA against Defendants Lemmons and Bucher —

---

3  *Id.* ¶ 8, at 2.
4  *Id.* ¶¶ 6 & 9, at 2.
5  *Id.* ¶ 13, at 2.
6  *Id.* ¶ 15, at 2.
7  ECF No. 19.
8  *Id.*
9  ECF No. 19.

should be dismissed because Plaintiff failed to exhaust his administrative remedies.[10] Plaintiff has since filed a Brief in Opposition to that Motion.[11] This matter is now ripe for disposition.

## II. ANALYSIS

### A. Standard of Review

When considering a motion to dismiss for failure to state a claim upon which relief may be granted,[12] a court assumes the truth of all factual allegations in the plaintiff's complaint and draws all inferences in favor of that party;[13] the court does not, however, assume the truth of any of the complaint's legal conclusions.[14] If a complaint's factual allegations, so treated, state a claim that is plausible – *i.e.*, if they allow the court to infer the defendant's liability – the motion is denied; if they fail to do so, the motion is granted.[15]

### B. Count I – Title VII Gender Discrimination

First, Defendants' argue that Count I—or gender discrimination pursuant to Title VII—was not administratively exhausted as Plaintiff failed to check the box for gender discrimination on his October 13, 2016 EEOC Questionnaire.[16] Prior to

---

[10] ECF No. 20, at 5-8.
[11] ECF No. 21.
[12] Federal Rule of Civil Procedure 12(b)(6).
[13] *Phillips v. Cnty. Of Allegheny*, 616 F.3d 224, 228 (3rd Cir. 2008).
[14] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *See also Connelly v. Lane Const. Corp.*, 809 F.3d 780, 786 (3rd Cir. 2016).
[15] *Id.*
[16] ECF No. 20, at 6.

filing a Title VII suit in federal court, a plaintiff must first exhaust his administrative remedies by filing a discrimination charge with the EEOC.[17] Once said administrative remedies are exhausted, a suit may be filed suit pursuant to Title VII for claims that are within the scope of the EEOC charge.[18] Here, Plaintiff concedes that he failed to check the gender discrimination box on the EEOC charge.[19] Because the failure to check such a box constitutes a failure to exhaust administrative remedies, this claim will be dismissed with prejudice.[20]

### C. Counts III and IV - PHRA Gender and Age Discrimination Against Defendants Lemmons and Bucher[21]

Defendants next argue that (1) Count III—gender discrimination in violation of the PHRA—should be dismissed for failure to exhaust his administration remedies on this count, and (2) Counts III and IV to the extent alleged against Defendants Lemmons and Bucher should be dismissed because they are not named in the October 13, 2016 EEOC Questionnaire.[22] Plaintiff concedes that dismissal

---

[17] *Burton v. Pennsylvania State Police*, 990 F.Supp.2d 478, 498 (M.D.Pa. 2014).
[18] *Id.*
[19] ECF No. 21, at 1.
[20] *See Gillette v. Donahoe*, Civil Action No. 3:12-CV-1852, 2013 WL 2043149, at *5 (M.D.Pa. May 14, 2013)(finding that a plaintiff has failed to exhaust his administrative remedies for a retaliation claim when he failed to check said box on EEOC Complaint).
[21] I note that, while Plaintiff has not attached PHRC documents regarding his administrative exhaustion, he has timely pled cross-filing with the PHRC. *Hildebrand v. Allegheny Cnty.*, 757 F.3d 99, 112 (3d Cir. 2014) ("The pleading of conditions precedent is governed by Rule 9(c), not Rule 8(a)."); *see also Jones v. Amerihealth Caritas*, 95 F.Supp.3d 807, 812 (E.D.Pa. 2015)(finding that plaintiff was not required to attach PHRC documents regarding administrative exhaustion).
[22] ECF No. 20, at 5-6.

here is appropriate.[23] He argues, however, that dismissal should be without prejudice to reassert these claims upon issuance of a Right to Sue Letter from the PHRC.[24]

To the extent that Defendants seek the dismissal of Count III and part of Count IV for failure to exhaust administrative remedies, that request will be granted. Count III is therefore dismissed in its entirety and Count IV is dismissed with regard to Defendants Lemmons and Bucher. As requested, Plaintiff may seek leave to file an amended pleading should he be able to demonstrate that he has exhausted his administrative remedies concerning Count III in its entirety and Counts III and IV with regard to Defendants Lemmons and Bucher specifically.[25]

### III. CONCLUSION

For the reasons discussed *supra*, Count I of Plaintiff's Complaint—gender discrimination under Title VII—is dismissed with prejudice. Count III in its entirety, and Count IV, to the extent alleged against Defendants Lemmons and Bucher, are dismissed without prejudice to Plaintiff seeking leave to file an amended pleading reasserting same should they be found properly exhausted.

---

[23] ECF No. 21, at 1-2.
[24] *Id.*
[25] I note that, while issuance of a Right to Sue Letter is not required to sustain a PHRA claim, *see Wardlaw v. City of Philadelphia*, No. 09-3981, 2011 WL 1044936, at *3 (E.D.Pa. Mar. 21, 2011)("No right-to-sue letter is required in connection with PHRA claims, and after the expiration of one year, a complainant may bring suit regardless of whether or not he has received a letter from the PHRC."), the leave granted is limited to extent the cross-filing alleged included both a PHRA gender discrimination claim and specific allegations against Defendants Lemmons and Bucher.

The Defendants shall file an Answer to Plaintiff's Second Amended Complaint, ECF No. 15, on or before February 13, 2018.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge