IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN NAUGLE, | No. 4:17-CV-00237 |
| Plaintiff. | (Judge Brann) |
| v. | |
| SUSQUEHANNA UNIVERSITY, JAY LEMMONS, KATHERINE FURLONG, JENNIFER BUCHER, and CINDY WHITMOYER, | |
| Defendants. | |

## MEMORANDUM OPINION and ORDER

### APRIL 23, 2019

Susquehanna University, Katherine Furlong, and Cindy Whitmoyer moved for summary judgment on the claims remaining in Steven Naugle's Second Amended Complaint. That motion will be granted.

### Background

On May 26, 2016, Mr. Naugle was fired from his job as an Interlibrary Loan Assistant in the Bough-Weis Library at Susquehanna University. On February 8, 2017, Mr. Naugle initiated the above-captioned action, alleging that his termination was the result of his gender (male) and age (over 40), in violation of federal and state law.[1] The gender discrimination claims have already been dismissed.[2]

---

[1] ECF No. 1.

[2] ECF No. 27. That Order also dismissed Mr. Naugle's age discrimination claim against Defendants Jay Lemmons and Jennifer Bucher.

Discussion

Federal and state law[3] prohibits employers from terminating an employee because of the employee's age. Mr. Naugle's claims are analyzed under the familiar *McDonnell Douglas* three-part burden-shifting framework.[4]

Defendants concede that Mr. Naugle has established a prima facie case of age discrimination—*i.e.*, that Mr. Naugle has satisfied *McDonnell Douglas*'s first step. And Defendants have satisfied the second step by introducing evidence that "will allow the factfinder to determine that the decision [to terminate Mr. Naugle] was made for nondiscriminatory reasons."[5] Specifically, Defendants have pointed to Mr. Naugle's handling of a particular interlibrary loan incident.[6]

Mr. Naugle, however, has failed to satisfy the third *McDonnell Douglas* step—*i.e.*, has failed to show that this proffered reason for his termination was pretextual. Other than a failed hearsay objection,[7] his argument rests essentially on an assertion that the instructions given by his supervisors during the interlibrary loan incident were

---

[3] Mr. Naugle's bring claims under the Age Discrimination in Employment Act and under the Pennsylvania Human Relations Act. They are analyzed identically. *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 643 (3d Cir. 2015).

[4] *Jones v. Sch. Dist. of Philadelphia*, 198 F.3d 403, 410 (3d Cir. 1999) (referring to *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

[5] *Willis*, 808 F.3d at 644.

[6] *See* Defendant's Statement of Facts ¶¶ 40-77 and accompanying exhibits.

[7] Mr. Naugle objects to some of the third-party emails relied on by Defendants as hearsay. However, none of these emails are being offered "to prove the truth of the matter[s] asserted" in them. Federal Rule of Evidence 801(c)(2). Instead, they are being offered to show what Defendants *believed* to be the truth. *See United States v. Edwards*, 792 F.3d 355, 357 n.2 (3d Cir. 2015) (admitting third-party statements to show their effect on the listener).

contrary to his written job description.[8]  However, Mr. Naugle fails to specify exactly which portions of this job description were contravened and fails to explain why a generalized job description should trump explicit orders from his direct supervisors.  In short, he has failed to "demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions" in the proffered reasons such "that a reasonable factfinder could rationally find them unworthy of credence."[9]  His age discrimination claims, therefore, must fail.

## Disposition

**IT IS HEREBY ORDERED** that the motion for summary judgment, ECF No. 38, is **GRANTED**.  The Clerk of Court is directed to enter judgment in favor of Susquehanna University, Katherine Furlong, and Cindy Whitmoyer on Counts II and IV of Steven Naugle's Second Amended Complaint, ECF No. 15, and to close this case.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[8] See Deposition of Steven Naugle (ECF No. 41-4), Ex. 2.

[9] *Jones*, 198 F.3d at 413.